IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEVELOPMENT WEST, INC., a Utah corporation; and BARBARA J. BUSCH, in her capacity as Personal Representative for ROBERT BUSCH, a deceased individual;<br><br>        Plaintiffs,<br><br>v.<br><br>BANK OF THE WEST, a California corporation,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:10cv1000<br><br>Magistrate Judge Paul M. Warner |
| BANK OF THE WEST, a California corporation,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>D. GREGORY HALES, an individual,<br><br>        Third-Party Defendant. | |

All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ.

---

[1] *See* docket no. 11.

P. 73.  Before the court are (1) defendant and third-party plaintiff Bank of the West's ("BOW")  motion to compel production of documents from third-party defendant D. Gregory Hales ("Hales");[2] (2) BOW's motion to compel answers to interrogatories and requests for admission from Hales;[3] and (3) Randy B. Birch's ("Birch") ex-parte motion to withdraw as counsel for Hales.[4]  The court has carefully reviewed the motions and memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice ("Local Civil Rules"), the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

## RELEVANT BACKGROUND

On June 29, 2011, BOW sent its First Set of Requests for Production of Documents ("Requests") to Hales, to which responses were due August 1, 2011.  On August 4, 2011, counsel for BOW sent a letter to Birch notifying him that no response had been received and requesting that responsive documents be produced by August 9, 2011.  Birch and/or Hales failed to respond to the Requests.  On August 9, 2011, counsel for BOW sent a follow-up email to Birch regarding the failure to respond to the Requests.  Birch responded by email the following day and inquired as to which case counsel for BOW was referring.  Counsel for BOW responded to the email and informed him that it was the discovery related to the instant case.

---

[2] *See* docket no. 42.

[3] *See* docket no. 57.

[4] *See* docket no. 51.

On August 15, 2011, Hales's deposition was taken by BOW's counsel. At the commencement of the deposition, counsel for BOW reminded Hales and Birch of the duty to provide documents responsive to the Requests and inquired as to a time period in which BOW could anticipate receiving documents from Hales. Birch responded that he did not know when the documents would be produced. On August 26, 2011, Hales personally provided a few documents in response to BOW's Requests, but the documents were not accompanied by a written response as required. BOW contends that the documents provided were only minimally responsive to a few of its Requests.

On July 18, 2011, BOW sent its First Set of Interrogatories ("Interrogatories") and Requests for Admission ("Admissions") to Hales. Responses to the Interrogatories and Admissions were due on August 22, 2011, but were never received by counsel for BOW. On August 24, 2011, counsel for BOW sent a letter to Birch notifying him that responses were overdue and requesting that they be produced by August 29, 2011. On August 26, 2011, BOW received a document from Hales directly which purported to respond to the Interrogatories and Admissions. However, BOW contends that Hales did not comply with the Federal Rules of Civil Procedure or the Local Civil Rules.

On September 1, 2011, counsel for BOW sent a letter to Birch in a further attempt to meet and confer about Hales's deficient responses to the requested discovery. Birch, however, did not respond to the inquiries sent by counsel for BOW. On September 8, 2011, Hales sent an email to counsel for BOW explaining that Birch had "elected to withdraw from this case."[5]

---

[5] Docket no. 58, Exhibit 5.

While Hales had also indicated that he would respond to BOW's counsel's letter by September 13, 2011, he failed to do so. Both Hales and Birch have not filed any response to BOW's motions to compel and the time for doing so has passed.

On September 14, 2011, Birch filed a motion for leave to withdraw as counsel for Hales. Birch indicated that Hales is aware of the status of the case and has been in direct communication with counsel for BOW.

## DISCUSSION

### A. Motions to Compel

BOW moves this court for an order requiring Hales to respond to the outstanding discovery requests. Hales has not opposed BOW's motions, and the time for doing so has passed. *See* DUCivR 7-1(b)(4)(B) ("A memorandum opposing any motion that is not a motion filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 56 must be filed within fourteen (14) days after service of the motion."). Accordingly, for the reasons set forth in BOW's motions, and for good cause appearing, the court **GRANTS** said motions to compel. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."). Hales is ordered to respond in full to BOW's Requests, Interrogatories, and Admissions on or before January 27, 2012. While BOW seeks attorney fees and costs incurred in bringing these motions, the court declines to award them. That said, the court may do so in the future if Hales does not make every good faith effort to comply with the discovery rules and orders of this court.

**B.  Motion to Withdraw**

Birch seeks to withdraw as counsel of record for Hales.  In his ex parte motion, Birch states that he filed an answer to the third-party complaint, discussed the defense of the case with Hales on numerous occasions, attended depositions and "otherwise provided services to . . . Hales."[6]  Birch also asserts that there are no pending motions "for which a response has not been filed."[7]  However, as of the date of Birch's motion, BOW had filed one of its two motions to compel and, as noted above, Birch failed to provide any response to that motion or seek an extension of time in which to respond.  In addition, as detailed above, Birch failed to respond to BOW's Requests, Interrogatories, and Admissions even after BOW repeatedly sought responses to them.

Rule 83-1.4 of the Local Civil Rules governs withdrawal of counsel and provides, in relevant part, that

(1)  No attorney will be permitted to withdraw as attorney of record in any pending action, thereby leaving a party without representation, except upon submission of:
  (A)  A Motion to Withdraw as Counsel in the form prescribed by the court that includes (i) the last known contact information of the moving attorney's client(s), (ii) the reasons for withdrawal, (iii) notice that if the motion is granted and no Notice of Substitution of Counsel has been filed, the client must file a notice of appearance within twenty-one (21) days after entry of the order, unless otherwise ordered by the court, (iv) notice that pursuant to DUCivR 83-1.3, no corporation, association, partnership, limited liability company or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in

---

[6] Docket no. 51-1 at 2.

[7] *Id.*

> this court, and (v) certification by the moving attorney that the motion was sent to the moving attorney's client and all parties; and
>
> (B) A proposed Order Granting Motion to Withdraw As Counsel in the form prescribed by the court stating that (i) unless a Notice of Substitution of Counsel has been filed, within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, the unrepresented party shall file a notice of appearance, (ii) that no corporation, association, partnership, limited liability company or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court, and (iii) that a party who fails to file such a Notice of Substitution of Counsel or Notice of Appearance may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment.

DUCivR 83-1.4(a)(1)(A)-(B). In his motion, Birch failed to provide (1) the reasons for the withdrawal, (2) notice that the client must file a notice of appearance within twenty-one days after entry of the order granting withdrawal, and (3) certification that the motion was sent to all parties.

The rule also states that an attorney will not be permitted with withdraw after an action has been set for trial unless the motion to withdraw includes (1) "a certification signed by a substituting attorney indicating that such attorney has been advised of the trial date and will be prepared to proceed with trial," (2) "a certification signed by the moving attorney's client indicating that the party is prepared for trial as scheduled and is eligible pursuant to DUCivR 83-1.3 to appear pro se at trial," or (3) "good cause for withdrawal is shown, including without limitation, with respect to any scheduling order then in effect." DUCivR 83-1.4(a)(2). This case has been set for a five-day jury trial beginning on August 13, 2012.[8] Birch did not provide

---

[8] *See* docket no. 62.

certification that Hales is prepared for trial as scheduled, and, as such, Birch has failed to comply with this portion of the rule.

In addition, rule 83-1.4(b)(1) provides that if the client has provided written consent, the withdrawing attorney must submit that consent with the motion to withdraw. *See* DUCivR 83-1.4(b)(1). Conversely, rule 83-1.4(b)(2) provides that when the withdrawing attorney has not obtained the written consent of the client, the motion to withdraw

> must contain (i) certification that the client has been served with a copy of the motion to withdraw, (ii) a description of the status of the case including the dates and times of any scheduled court proceedings, requirements under any existing court orders, and any possibility of sanctions; and, if appropriate, (iii) certification by the moving attorney that the client cannot be located or, for any other reason, cannot be notified regarding the motion to withdraw.

DUCivR 83-1.4(b)(2). While Birch asserts that Hales "does not object to . . . counsel[']s withdrawal," he has not provided Hales's "written consent" nor has he detailed "the status of the case," including the dates set forth in the amended scheduling order. *Id.*

Thus, while the court could simply deny Birch's motion for failing to strictly comply with rule 83-1.4, it chooses to deny his motion for a more compelling reason. In the court's view, Birch's conduct in this matter is unprofessional. Birch has a duty, not only to his client and opposing counsel, but to the court to act in a professional manner. This includes responding to discovery requests and motions in a timely fashion while he is counsel of record in a case, or to adequately explain in a timely fashion why he cannot do so. This is true whether or not Birch is being paid by his client. Birch is counsel of record in this case until this court relieves him of that duty; he cannot simply abandon ship mid-sail. Failing to respond to the discovery requests,

7

thereby necessitating BOW's motions to compel, wastes BOW's counsel's time and their client's money, and also wastes this court's time and resources.

Accordingly, for the foregoing reasons, Birch's motion to withdraw is **DENIED**. Birch is ordered to consult with his client and respond to the outstanding discovery requests on or before January 27, 2012. Once Birch has adequately responded to the discovery requests, he may refile a motion to withdraw as counsel of record that complies with the Local Civil Rules. Failure to comply with this order may result in sanctions.

## CONCLUSION

In summary, **IT IS HEREBY ORDERED**:

A. BOW's motions to compel[9] are **GRANTED**. Hales is ordered to respond in full to BOW's Requests, Interrogatories, and Admissions on or before January 27, 2012.

---

[9] *See* docket nos. 42 and 57.

B.	Birch's motion to withdraw[10] is **DENIED**.  Birch is ordered to consult with his client and respond to the outstanding discovery requests on or before January 27, 2012.

**IT IS SO ORDERED.**

DATED this 5th day of January, 2012.

> BY THE COURT:
>
> PAUL M. WARNER
> United States Magistrate Judge

---

[10] *See* docket no. 51.